## Weiss v. Coyer Motor Co.

*Henry M. Biglan*, for plaintiff.

*Bialkowski, Bialkowski & Bialkowski*, for defendant.

ROBINSON, J., December 13, 1950.—In this case after complaint, answer and new matter and reply both sides moved for judgment on the pleadings. Plaintiff sued to recover $100 paid to defendant as a deposit accompanying an order for a Plymouth automobile.

On September 3, 1949, plaintiff executed the following order on a printed order form furnished by defendant: "I hereby order you to equip and deliver to me at Scranton, Pa., on or about—as soon as possible—the following described motor vehicle which I agree to accept at the price and according to the terms set forth below and on the reverse side hereof."

The paper contained a typewritten notation as follows: "car wanted in April, 1950." A printed "acceptance" was executed by "N. Coyer" for defendant.

The reverse side of the printed order form contained a paragraph stating: "It is agreed that the seller will not be held liable for any delay or failure to make delivery through any cause whatsoever."

Nowhere in the writing did defendant promise or undertake to make delivery of an automobile to plaintiff. The express provisions of the writing excused defendant from making delivery for "any cause whatsoever." There was then no immediate contract. At best it can be considered but an offer on the part of plaintiff to buy an automobile from defendant company on delivery. That offer could only be accepted by a promise on the part of defendant to sell and deliver the subject matter of plaintiff's order or by an actual tender of delivery. Until that was done no binding agreement existed.

Plaintiff could at any time before acceptance of the offer revoke the same and demand the return of the deposit money.

The forfeiture clause of the writing is not effective, not only because of the lack of a present agreement, but also because the deposit could not be forfeited "as liquidated damages" under the terms thereof except upon plaintiff's "failure to accept delivery of the motor vehicle".

As no delivery was tendered there could be no forfeiture and as defendant made no commitments by way of acceptance of plaintiff's offer there was no contract. Plaintiff is entitled to the deposit money, with interest from the demand "sometime during February, 1950".

Now, December 13, 1950, judgment is entered for plaintiff and against defendant for $100, with interest from February 28, 1950.